IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES EARL HARVEY, aka Abdul O Shakur,

        Plaintiff,

    v

J PUENTE, et al,

        Defendant(s).

    No C-08-2894 VRW (PR)

    ORDER OF SERVICE

I

    Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se first amended complaint under 42 USC section 1983 alleging eleven First Amendment claims.  Specifically, plaintiff alleges that PBSP officials:  refused to process outgoing mail with his Muslim name by confiscating approximately sixteen letters over a two month period (claim one); repeatedly confiscated his mail, writings and other written materials under the false pretext of being gang-related (claims two through seven); refused to allow him either to send mail to or receive mail for a period of two years from addresses PBSP officials identified as "drop boxes for a

prison gang" (claim eight); refused to deliver three individual writs to the Ninth Circuit (claim nine); intentionally destroyed an appeal filed pursuant to the inmate administrative grievance system (claim ten); and intentionally misdirected a piece of his mail to the New York office of the district attorney (claim eleven).  Doc #9 at 4-7.  Plaintiff seeks damages.

## II

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 USC § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  <u>Balistreri v Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC section 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v Atkins</u>, 487 US 42, 48 (1988).

### A

In claim ten, plaintiff alleges that PBSP officials

1  violated his constitutional rights when they intentionally destroyed
2  an appeal he filed pursuant to the inmate administrative grievance
3  system.  It is well-established that there is no constitutional
4  right to a prison administrative appeal or grievance system, see
5  Ramirez v Galaza, 334 F3d 850, 860 (9th Cir 2003); Mann v Adams, 855
6  F2d 639, 640 (9th Cir 1988), and that a state's creation of a prison
7  administrative appeal or grievance system does not implicate a
8  liberty interest protected by the Due Process Clause, see Antonelli
9  v Sheahan, 81 F3d 1422, 1430 (7th Cir 1996); Buckley v Barlow, 997
10 F2d 494, 495 (8th Cir 1993) (same).  Plaintiff's allegations set
11 forth in claim ten regarding PBSP officials' intentional destruction
12 of an appeal he filed pursuant to the inmate administrative
13 grievance system fail to state a claim under section 1983 and that
14 claim is DISMISSED.  See id.

B

17 In claims one through nine and eleven, plaintiff alleges
18 that PBSP officials violated his constitutional rights by
19 interfering with his mail delivery service.  Prisoners enjoy a First
20 Amendment right to send and receive mail.  See Witherow v Paff, 52
21 F3d 264, 265 (9th Cir 1995) (citing Thornburgh v Abbott, 490 US 401,
22 407 (1989)).  A prison, however, may adopt regulations or practices
23 which impinge on a prisoner's First Amendment rights as long as the
24 regulations are "reasonably related to legitimate penological
25 interests."  See Turner v Safley, 482 US 78, 89 (1987).  The Turner
26 standard applies to regulations and practices concerning all

3

correspondence between prisoners and to regulations concerning incoming mail received by prisoners from non-prisoners. See Thornburgh, 490 US at 413.

In the case of outgoing correspondence from prisoners to non-prisoners, however, an exception to the Turner standard applies. Because outgoing correspondence from prisoners does not, by its very nature, pose a serious threat to internal prison order and security, there must be a closer fit between any regulation or practice affecting such correspondence and the purpose it purports to serve. See Thornburgh, 490 US at 411-12. Censorship in such instances is justified only if: (1) the regulation or practice in question furthers one or more of the substantial governmental interests of security, order and rehabilitation; and (2) the limitation on First Amendment freedoms is no greater than necessary to further the particular government interest involved. See Procunier v Martinez, 416 US 396, 413 (1974), overruled on other grounds, Thornburgh v Abbott, 490 US 401, 413-14 (1989); see, for example, Witherow, 52 F3d at 265-66 (regulation requiring visual inspection of outgoing mail from inmates to certain public officials *closely* related to legitimate penological interest of preventing prisoners from disseminating harmful or offensive materials and avoids unnecessary intrusion) (emphasis added).

A district court reviewing whether a prisoner states a claim for the censorship of outgoing mail should not decide, on the pleadings, whether the alleged censorship is justified. See Barrett v Belleque, 544 F3d 1060, 1062 (9th Cir 2008) (per curiam) (holding

1 district court erred by dismissing complaint for failure to state a
2 claim by deciding on the pleadings that censorship was justified).
3 A prisoner complaint that unequivocally pleads facts alleging that
4 prison officials censored his outgoing mail and punished him for its
5 contents states a claim that is clearly cognizable under Procunier.
6 Id.

7 The allegations set forth in claim nine regarding PBSP
8 officials' failure to deliver three individual writ petitions to the
9 Ninth Circuit also implicate plaintiff's constitutional right of
10 access to the courts.  See Lewis v Casey, 518 US 343, 350 (1996);
11 Bounds v Smith, 430 US 817, 821 (1977).  To establish a claim for
12 any violation of the right of access to the courts, plaintiff must
13 prove that there was an inadequacy in the prison's legal access
14 program that caused him an actual injury.  See Lewis, 518 US at
15 350-55.  To prove an actual injury, plaintiff must show that the
16 inadequacy in the prison's program hindered his efforts to pursue a
17 non-frivolous claim concerning his conviction or conditions of
18 confinement.  See id at 354-55.

C

21 Liberally construed, plaintiff's allegations as to claims
22 one through nine and eleven appear to state cognizable First
23 Amendment claims under section 1983 and PBSP officials J Puente,
24 Captain K Brandon, B Thornton, D E Milligan, Lieutenant Perry,
25 Sergeant G. Stewart, D T Hawkes and Officer Beeson of the
26 Institutional Gang Investigation Unit; Captains Kays and Yax of the

5

Investigation Services Unit; D Beard of the Security Squad; [First Name Unknown] Murphy of the Office of Correctional Safety; and Law Library Officer Murray will be served.  Claim ten is DISMISSED under the authority of 28 USC section 1915A(b).

California Department of Corrections and Rehabilitation former directors C Terhune and M Cate, wardens Robert Horel, Joe McGrath and R. Kirkland, and associate warden Dillard are DISMISSED as defendants under the authority of 28 USC section 1915A(b) because they are sued only in their capacity as supervisors.  It is well-established that there is no respondeat superior liability under section 1983, ie, there is no liability simply because one is responsible for the actions or omissions of another.  See Taylor v List, 880 F2d 1040, 1045 (9th Cir 1989).

### III

For the foregoing reasons and for good cause shown:

1.  The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of: (1) the first amended complaint in this matter and all attachments thereto (Doc #9); (2) all exhibits attached to Doc ## 1, 4, 5, 6 and 11, which are copies of the appeals filed pursuant to the inmate administrative grievance system that are related to plaintiff's claims; and (3) copies of this order on PBSP officials J Puente, Captain K Brandon, B Thornton, D E Milligan, Lieutenant Perry, Sergeant G. Stewart, D T Hawkes and Officer Beeson of the Institutional Gang Investigation Unit; Captains Kays and Yax of the

Investigation Services Unit; D Beard of the Security Squad; A Murphy of the Office of Correctional Safety; and Law Library Officer Murray.  All other named defendants are DISMISSED.  The clerk also shall serve a copy of this order on plaintiff.

      2.   In order to expedite the resolution of this case, the court orders as follows:

      a.   No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.  All papers filed with the court shall be served promptly on plaintiff.

      b.   Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

      c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for

1  summary judgment is entitled to judgment as a matter of law, which
2  will end your case.  When a party you are suing makes a motion for
3  summary judgment that is properly supported by declarations (or
4  other sworn testimony), you cannot simply rely on what your
5  complaint says.  Instead, you must set out specific facts in
6  declarations, depositions, answers to interrogatories, or
7  authenticated documents, as provided in Rule 56(e), that contradicts
8  the facts shown in the defendant's declarations and documents and
9  show that there is a genuine issue of material fact for trial.  If
10 you do not submit your own evidence in opposition, summary judgment,
11 if appropriate, may be entered against you.  If summary judgment is
12 granted, your case will be dismissed and there will be no trial.
13 <u>Rand v Rowland</u>, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App
14 A).

15          Plaintiff also is advised that a motion to dismiss for
16 failure to exhaust administrative remedies under 42 USC section
17 1997e(a) will, if granted, end your case, albeit without prejudice.
18 You must "develop a record" and present it in your opposition in
19 order to dispute any "factual record" presented by the defendants in
20 their motion to dismiss.  <u>Wyatt v Terhune</u>, 315 F3d 1108, 1120 n14
21 (9th Cir 2003).

22          d.   Defendants shall file a reply brief within 15
23 days of the date on which plaintiff serves them with the opposition.
24          e.   The motion shall be deemed submitted as of the
25 date the reply brief is due.  No hearing will be held on the motion
26 unless the court so orders at a later date.

8

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendant's counsel.

5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

                                      */s/ Vaughn R Walker*

**VAUGHN R WALKER**
United States District Chief Judge

G:\PRO-SE\VRW\CR.08\Harvey-08-2894-order of service.wpd

9